FILED

2006 OCT 11 PM 2:14

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GARVER,<br><br>                              Plaintiff,<br>vs.<br><br>HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, a Connecticut Corporation, and DOES 1 through 50, inclusive,<br><br>                            Defendants. | CASE NO. 05cv0294-LAB (LSP)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

      On September 29, 2006, the court recited on the record its findings of fact and conclusions of law after a two-day bench trial resolving plaintiff Paul Garver's ("Garver") breach of contract claim against defendant Hartford Life & Accident Insurance Company ("Hartford") in favor of Hartford's interpretation of the parties' contract. Hartford is hereby instructed to prepare the Judgment.

      This litigation arose out of the parties's differing constructions of a settlement agreement they entered to conclude litigation Garver, a medical doctor radiologist, initiated against Hartford alleging various causes of action associated with Hartford's conduct in the processing of his claim under his disability insurance policy. Garver's tort and punitive damages claims in this action were disposed of in the Order granting in part Hartford's Motion For Summary Judgment. Only his breach of contract claim survived for trial. The issues, findings of fact, and conclusions of law memorialized herein are more fully elaborated in the trial transcript.

# FINDINGS OF FACT

1.  The contract at issue is a settlement agreement resolving underlying litigation derivative of an ERISA claim. The dispute entailed construction of a provision of the agreement to pay Garver benefits under Hartford's disability insurance policy.

2.  Paragraph 11 of the settlement agreement clearly states the parties' agreement regarding past benefits, but that paragraph is unclear regarding the intention of the parties with respect to on-going benefit payments.

3.  Based on th parole evidence from testifying witnesses and extrinsic documentary evidence, the court finds plaintiff and defendant had a "meeting of the minds" regarding the settlement agreement and the terms of the contract, but not the "meeting of the minds" Garver posits.

4.  The intention of the parties at the time they entered the settlement agreement was to preserve all parts of the insurance contract, with the exception of certain provisions carved out and made the subject of separately-negotiated modifications.

5.  The common assumption of the parties was that the benefits to be paid on an on-going basis were to be governed by the insurance contract excepting only those portions expressly carved out as changes to the terms and conditions of the policy.

6.  The settlement agreement is silent regarding any consideration Garver may have offered in exchange for dismissing the underlying lawsuit entailing any monthly disability benefit payment in excess of the policy maximum.

7.  The record is devoid of *any* evidence to support Garver's contention he gave up his RICO and conspiracy claims in the underlying litigation in exchange for an on-going monthly disability benefit payment in excess of the insurance policy limit as negotiated consideration, particularly as the court finds such claims in these circumstances to be of dubious merit.

8.  Garver is entitled to a maximum monthly benefit payment from Hartford of the $10,000.00 policy limit going forward.

9.  Hartford's actual payments in excess of $10,000 per month resulted from the company's mistaken calculation based on a percentage of Garver's salary but without consideration of the policy term capping his maximum entitlement at $10,000.

10. Garver and his attorney knew of Hartford's mistake in the going-forward benefit calculation, but remained silent while accepting the higher payments.

11. Hartford has absorbed an approximate $60,000 overpayment loss associated with the back-benefits it paid Garver due to its calculation error.

12. Hartford is entitled to recoup the overpayment from the going-forward benefits paid to Garver in excess of the policy limit, pursuant to policy Section 5 "Overpayment," a provision not among those expressly modified by the settlement agreement, and is entitled by that provision to do so by withholding a portion of the monthly benefits otherwise owed until the overpayment is recouped.

13. The court's findings of fact rely to a substantial extent on its assessment of the credibility of the testifying witnesses.

## CONCLUSIONS OF LAW

1. Applying familiar principles of contract interpretation, the court finds the operative paragraph of the settlement agreement ("Paragraph 11") is ambiguous, warranting consideration of extrinsic evidence to ascertain its meaning.

2. The evidence supports the conclusion the parties intended all provisions of the disability insurance policy to be incorporated into their settlement agreement, excepting only those terms expressly modified by the agreement.

3. Hartford is contractually obligated to pay Garver a maximum of $10,000 per month in disability benefits for the duration of his eligibility.

4. Hartford did not breach the settlement agreement when it reduced its payments to Garver to conform to the maximum monthly disability benefit to which he is entitled under his insurance policy upon discovery of its calculation error.

5. Hartford is entitled under policy terms to recoup the overpayment resulting from its calculation error, and the insurance contract controls Garver's right to benefits on an on-going basis.

6. A unilateral mistake of fact on Hartford's part, actually known to Garver or his counsel, provides an alternative basis for this result, even if there was not a meeting of the minds on the going-forward benefit amount, relieving Hartford of any obligation to pay an amount higher than the policy limit.

1  7. Defendant prevails on the breach of contract claim.

2  8. The declaratory relief plaintiff sought in this action is denied.

3  9. Hartford's Motion *In Limine* (Dkt No. 85) is denied as moot.

**IT IS SO ORDERED.**

DATED: 10-10-06

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: MAGISTRATE JUDGE LEO S. PAPAS
ALL COUNSEL OF RECORD